**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ERNEST LANE AND STEPHANIE LANE, INDIVIDUALLY AND AS NEXT FRIENDS OF D.L., J.L., J.L., M.L., J.L. and T.L., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 11-437 |
| OFFICER KOZENCZAK, OFFICER HAMALA, OFFICER SCOTT and the VILLAGE OF HANOVER PARK | ) ) ) ) | Judge Guzman |
| Defendants. | ) ) ) ) | Magistrate Gilbert |

**SECOND AMENDED COMPLAINT**

NOW COME Plaintiffs ERNEST LANE and STEPHANIE LANE, INDIVIDUALLY AND AS NEXT FRIENDS OF D.L., J.L, J.L., M.L., J.L. and T.L., by and through their attorney, SCOTT T. KAMIN, with THE LAW OFFICES OF SCOTT T. KAMIN, of counsel, and complaining against Defendants OFFICER KOZENCZAK, OFFICER HAMALA, OFFICER SCOTT and the VILLAGE OF HANOVER PARK, states as follows:

**JURISDICTION**

1. This action arises under 42 U.S.C. §1983, 28 U.S.C. §1367, and the Fourth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3).

**VENUE**

2. Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

3. Upon belief individual defendants reside in the State of Illinois and the Northern District of Illinois.

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois.

## PARTIES

5. Plaintiff ERNEST LANE ("Ernest"), a resident of Hanover Park, located in the Northern District of Illinois, is the husband of co-plaintiff STEPHANIE LANE, and the father of minor children D.L., J.L, J.L., M.L., J.L. and T.L.

6. Co-Plaintiff STEPHANIE LANE ("Stephanie"), a resident of Hanover Park, located in the Northern District of Illinois, is the wife of co-plaintiff ERNEST LANE, and the mother of minor children D.L., J.L, J.L., M.L., J.L. and T.L.

7. Upon belief, OFFICERs KOZENCZAK, HAMALA and SCOTT ("individual defendants") were, at all times relevant to this action, residents of Cook County, Illinois, living in or about Hanover Park.

8. All of the individual defendants are sued in their individual capacities.

## FACTS

9. On July 14, 2010, the individual defendants responded to a call regarding an argument involving Plaintiffs and several "repo" men.

10. The individual defendants decided to arrest Plaintiff Ernest.

11. All Plaintiffs were in their house.

12. The individual defendants attempted unsuccessfully to lure Ernest outside.

13. Defendant Scott said through the door that if the Officers were forced to obtain an arrest warrant in order to enter Plaintiffs' home, Ernest would be charged with a more serious crime and would not receive bond.

14. Ernest refused to exit his house, and the individual defendants decided to enter without first obtaining a warrant.

15. The individual defendants forced open Plaintiffs' front door, and Officer Hamala fired pepper spray into Plaintiffs' living room.

16. The pepper spray hit Stephanie, D.L., J.L., and T.L.

17. The individual defendants opened the door the rest of the way and rushed into Plaintiffs' house.

18. Defendant Kozenczak threw Stephanie in the air and onto the coffee table, and raised his baton as he approached Ernest.

19. Defendant Kozenczak hit Ernest repeatedly.

20. While beating Ernest, Defendant Kozenczak split Ernest's head open.

21. Eventually, Defendant Kozenczak handcuffed Ernest and transported him to the station.

22. At no point during the beating and subsequent handcuffing did Ernest resist arrest.

## COUNT I
## UNREASONABLE SEARCH AND SEIZURE

23. Plaintiffs reallege paragraphs 9-22 of the Complaint as though fully stated therein.

24. On or about July 14, 2010, individual defendants forced open Plaintiffs' front door and entered Plaintiffs' abode without warrant, without probable cause and absent exigent circumstances.

25. Plaintiffs did not consent to defendants' forced entry through Plaintiffs' front door and in Plaintiffs' abode without warrant, without probable cause and absent exigent circumstance.

26. Individual defendants acted jointly and in concert, with the intent and effect of harming and depriving Plaintiffs of their constitutionally protected rights against unreasonable search and/or seizure and interferences with their property when they forced open Plaintiffs' front door and entered Plaintiffs' abode without warrant, without probable cause and absent exigent circumstance.

27. As a result of the Defendants' unreasonable search and seizure Plaintiffs suffered severe emotional and physical trauma.

WHEREFORE Plaintiffs respectfully request that this Court enter judgment against individual defendants and

 a. award compensatory damages in an amount not less than $2,200,000.00;
 b. award punitive damages in an amount not less than $100,000 against each individual defendant;
 c. award Plaintiffs their attorney's fees and costs, and;
 d. grant Plaintiffs such further relief as this Court deems equitable and just.

## COUNT II - EXCESSIVE FORCE

28. Plaintiffs reallege paragraphs 9-22, and 24-27 of the Complaint as though fully stated therein.

29. On or about July 14, 2010, individual defendants used excessive force against Plaintiffs.

30. Individual defendants violated Plaintiffs' right to be free from unreasonable search and/or seizure when they used excessive force against Plaintiffs.

31. As a result of this excessive force, Plaintiffs' suffered severe emotional and physical trauma.

WHEREFORE Plaintiffs respectfully request that this Court enter judgment against individual defendants an

    e.  award compensatory damages in an amount not less than $2,200,000.00;
    f.  award punitive damages in an amount not less than $100,000 against each individual defendant;
    g.  award Plaintiffs their attorney's fees and costs, and;
    h.  grant Plaintiffs such further relief as this Court deems equitable and just.

### COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### UNDER ILLINOIS LAW

32. Plaintiffs restate and reallege all the statements made in paragraphs 9-22, 24-27 and 29-31 as though fully set forth herein.

33. The individual defendants intentionally engaged in extreme and outrageous behavior against the Plaintiffs.

34. The individual defendants are also liable for this intentional infliction of emotional distress because it was proximately caused by their actions as set forth above.

35. Defendants' outrageous behavior directly caused the plaintiffs to suffer severe emotional distress including anxiety, fear, anger, depression and humiliation.

WHEREFORE Plaintiffs respectfully request that this Court enter judgment against the individual defendants, and:

    a.  award compensatory damages in an amount not less than $2,200,000.00;
    b.  award punitive damages against the individual defendants in an amount not less than $100,000.00 each;
    c.  award Plaintiffs their attorneys' fees and costs; and
    d.  grant Plaintiffs such further relief as this Court deems equitable and just.

### COUNT IV - 42 U.S.C. §1983
### *Monell* CLAIM AGAINST VILLAGE OF HANOVER PARK

36. Plaintiffs restate and reallege all the statements made in paragraphs 9-22, 24-27, 29-31 and 32-35 of this Complaint as though fully set forth herein.

37. Defendants Kozenczak, Hamala and Scott acted pursuant to one or more of the following interrelated informal policies, practices and/or customs of Defendant Village of Hanover Park and its Police Department.

38. At all times material to this Complaint, Defendant Village of Hanover Park and its Police Department had interrelated policies, practices, and/or customs, including, among others:

    a) allowing and encouraging its police personnel to conduct warrantless searches of homes and seizures within the home absent exigent circumstances to justify entry and possession, training its police personnel to conduct warrantless searches and seizures, whether or not exigent circumstances might be present, and/or failing to provide its police personnel adequate training to determine the presence or absence of exigent circumstances;

    b) allowing and encouraging the filing of false reports, and giving false statements and testimony about said searches of homes and seizures within the homes;

    c) failing to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control officers in their employ particularly when for years, the Village has known its officers engaged in misconduct during warrantless searches;

    d) promoting, advocating and/or allowing the police code of silence, where officers refuse to report or otherwise cover-up instances of police misconduct despite their obligations under the law and police regulations. The code of silence also includes police officers

remaining silent or giving false and misleading information to protect themselves or fellow officers from internal discipline, civil or criminal liability.

39. The interrelated policies, practices and/or customs as set forth above were maintained by the Village and its Police Department with deliberate indifference, proximately causing the injuries suffered by plaintiffs.

WHEREFORE Plaintiffs respectfully request that this Court enter judgment against the Village of Hanover Park, and:

   a. award compensatory damages in an amount not less than $2,200,000.00;
   b. award Plaintiffs their attorneys' fees and costs; and
   c. grant Plaintiffs such further relief as this Court deems equitable and just.

### COUNT V - CLAIM UNDER 745 ILCS 10/9-102
### AGAINST DEFENDANT THE VILLAGE OF HANOVER PARK

40. Plaintiff restates and realleges all the statements made in 9-22, 24-27, 29-31, 33-35, and 37-39 of this Complaint as though fully set forth herein.

41. Defendant the VILLAGE OF HANOVER PARK was, at all times material to this Complaint, the employer of Defendants Kozenzak, Hamala and Scott.

42. The individual defendants committed the acts alleged above in the scope of their employment as employees of Defendant the VILLAGE OF HANOVER PARK.

WHEREFORE, pursuant to 745 ILCS 10/9-102, Plaintiff demands judgment against the employer Defendant named in this Count in the amount awarded to Plaintiffs and against the employee Defendants by way of judgment or settlement, including any and all amounts awarded for damages and costs.

.

        Respectfully submitted,


        <u>/s/ Scott T. Kamin</u>
        Attorney for Plaintiff




Scott T. Kamin
Law Offices of Scott T. Kamin
53 W. Jackson Blvd
Suite 1028
Chicago, IL  60604
(312) 322-0077
Ill. Attorney No.: 6226855