IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE LANE, | ) | |
| INDIVIDUALLY AND AS NEXT FRIENDS OF | ) | |
| D.L., J.L., J.L., M.L., J.L. and T.L., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11 C 437 |
| | ) | |
| OFFICER KOZENCZAK, OFFICER HAMALA, | ) | |
| and the VILLAGE OF | ) | Judge Guzman |
| HANOVER PARK | ) | |
| | ) | |
| Defendants. | ) | Magistrate Gilbert |
| | ) | |

**PLAINTIFFS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Plaintiffs, Stephanie Lane and the above captioned minors, by and through their attorney, SCOTT T. KAMIN, with the LAW OFFICES OF SCOTT T. KAMIN moves at the close of all of the evidence in this matter for judgment as a matter of law in their favor as to their claim of unreasonable search and seizure pursuant to Fed.R.Civ.P. 50. In support thereof, the Plaintiffs state as follows:

**ARGUMENT**

**I. STANDARD OF REVIEW**

At any time before a case is submitted to the jury, a party may move for judgment as a matter of law under Federal Rule of Civil Procedure 50 ("Rule 50"). Fed. R. Civ. P. 50(a)(2). Rule 50 requires a court to render judgment as a matter of law when a "party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on the issue." F.R.C.P. 50(a)(1). The standard of review for judgment as a matter of law "mirrors" that of summary judgment under Rule 56. Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2109 (2000). A principal protection against unnecessary intrusions into private dwellings is the warrant requirement imposed by the

Fourth Amendment on agents of the government who seek to enter the home for purposes of search or arrest. Johnson v. United States, 333 U.S. 10, 13-14, 68 S.Ct. 367, 368-369, 92 L.Ed. 436 (1948).

II.   **OFFICER KOZENCZAK, AND OFFICER HAMALA VIOLATED A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT WHERE THEY HAD NEITHER EXIGENT CIRCUMSTANCES NOR CONSENT TO FORCEFULLY ENTER THE LANES' HOME WITHOUT A WARRANT.**

To prevail on a claim brought pursuant to 42 U.S.C. § 1983, a plaintiff must establish that: 1) he has a constitutionally protected right; 2) he was deprived of that right; 3) the defendant intentionally caused that deprivation; and 4) the defendant acted under color of state law. Bublitz v. Cottey, 327 F.3d 485, 488 (7thCir. 2003). With respect to allegation of an unreasonable search and seizure, the Fourth Amendment is applicable. A search of the home without a warrant is a well-settled violation of the Fourth Amendment, Payton v. New York, 445 U.S. 573, 590 (1980) "In the absence of an arrest warrant, only consent or exigent circumstances permit officers to enter a residence to effectuate an arrest." U.S. v. DiModica, 468 F.3d 495 (7th Cir. 2006), citing Sparing v. Village of Olympia Fields, 266 F.3d 684, 688 (7th Cir.2001) (police officer's entry into home to effect arrest without warrant violated Fourth Amendment, where officer did not obtain consent). This is the rule even if the officers have probable cause for the arrest. Sparing, 266 F.3d at 688-89.  Probable cause alone is not always sufficient to justify a warrantless arrest. While "police officers may constitutionally arrest an individual in a public place (e.g., outside) without a warrant, if they have probable cause, police officers *may not* constitutionally enter a home without a warrant to effectuate an arrest, absent consent or exigent circumstances, even if they have probable cause." Sparing v. Village of Olympia Fields, 266 F.3d 684, 688 (7th Cir. 2001).  A warrantless search is "presumptively unreasonable." Payton v. New York, 445 U.S. 573, 586 (1980). Without a

warrant based upon probable cause, any search violates a person's Fourth Amendment rights unless some exception to the warrant requirement exists. <u>United States v. Yang</u>, 286 F.3d 940, 944 (7th Cir. 2002).

In the instant matter, the existence of a right to be free from the use of unreasonable searches and seizures is clear and free from doubt. The Lane family was at home enjoying a normal day with the family. The material facts are basically undisputed. The "repo men" came to the Lanes' home to repossess the Lanes' family vehicle, and the Lanes refused. An argument ensued between the Ernest and Stephanie Lane against the "repo men." Ernest Lane demanded that the "repo man" get off of his property. Ernest Lane threatened the "repo man" saying he would put some, "lead in [his/their] ass" implying that Ernest Lane had a gun ("the threat"). When the "repo men" refused to leave the Lanes called 911 who in turn dispatched the named defendants ("the police"). The "repo men" also called the police about the threat. Upon arrival, no police took any preventive measures that would be consistent with a belief that Ernest Lane posed a threat to the officers or the "repo men." Although Ernest Lane was outside his home on at least two distinct occasions after the threat to speak with the police, he was not handcuffed for the defendants', neighbors, or the repo men's safety nor was he arrested for Assault. Instead, the defendant officers told Ernest Lane and Stephanie Lane to go back to their homes at least twice. The Lanes decided not to leave their home after the last request and instead opted to talk to the officers from the safety of their homes. The Lanes closed their home door refusing to cooperate with the police any longer. At this point the defendants demanded that Ernest Lane come out of his house to sign an ordinance violation. Officer Scott stated that they could get a warrant to come in to arrest him for a misdemeanor if he refused to come out and sign the ordinance violation. The Lanes responded from behind their locked doors that they are not coming out, and that the defendants should get a warrant. The defendants testified they didn't hear anything going on behind the locked door and that Ernest Lane was no longer in their sight. At this point the

Officer Officer Kozenczak testified that he forcefully breached the door without a warrant because they feared for the safety of themselves and others. While breaching the door Officer Hamala blindly sprayed pepper spray into the home injuring the Lanes and their minor children. The Plaintiffs contend that based on these uncontested facts they should be awarded Judgment as a matter of law.

The standard of review for judgment as a matter of law "mirrors" that of summary judgment under Rule 56.  Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2109 (2000). Here, there are no material facts in dispute. All parties have been fully heard on the issues and the only question that remains that  there be no legally sufficient evidentiary basis for a reasonable jury to find for that party on the issue." F.R.C.P. 50(a)(1). In considering the evidentiary basis we must be guided by the standards involving exigency- the sole premise that the defendants rely on in justifying their warrantless breach of the Lanes' home.

### III     EXIGENT CIRCUMSTANCES

An emergency justifying entry and a search arises only if the officer knocking at the door observes objective evidence that there is an ongoing crime within that must be stopped before it is completed. The sound of someone walking around, for example, or a voice that announces, "The cops are here," is not enough by itself. United States v. Amaral-Estrada, 509 F.3d 820, 828-29 (7th Cir.2007); United States v. Rivera, 248 F.3d 677, 680-81 (7th Cir.2001). It is difficult to conceive of a warrantless home arrest that would not be unreasonable under the Fourth Amendment when the underlying offense is extremely minor." US v. Struckman, 603 F. 3d 731 (2010). To determine whether there were exigent circumstances, you must decide whether the officers had "an objectively reasonable belief" that exigent circumstances existed. Leaf v. Shelnutt, 400 F.3d 1070, 1081 (7th Cir. 2005); United States v. Marshall, 157 F.3d 477, 482 (7th Cir. 1998).  Here, no defendants testified that they had a belief that an ongoing crime in the home was taking place. Their sole

contention is that when the Lanes' closed the door and that they lost sight of Ernest Lane causing them to fear for their safety and the safety of others; such self-serving claims of exigency are unfounded and should fall on death ears. Where is the objective evidence of an ongoing crime? Actually no one ever told the defendants that weapons were inside of the home. The threat took place outside of the home, and when Ernest Lane *was* outside of the home no one attempted to arrest him. To determine whether there were exigent circumstances we must decide whether the officers had "an objectively reasonable belief" that exigent circumstances existed. The fact that no officer attempted even a pat down of Ernest Lane; the "repo men" were allowed to stay on the scene; no neighbors were warned or evacuated, and more than thirty (30) minutes passed from the defendants' arrival and the warrantless breach all dispels "an objectively reasonable belief" that exigent circumstances were present. Since no reasonable officers could have believed that there were exigent circumstances for the warrantless breach for the stated reasons we turn to the breach itself.

## IV    SEARCH AND SEIZURES INSIDE A HOME WITHOUT A WARRANT ARE PRESUMPTIVELY UNREASONABLE

The law is well settled "a 'basic principle of Fourth Amendment law,' that searches and seizures inside a home without a warrant are presumptively unreasonable." Payton v. New York, 445 U.S., at 586, 100 S.Ct., at 1380. See Coolidge v. New Hampshire, 403 U.S. 443, 474-475, 91 S.Ct. 2022, 2042-2043, 29 L.Ed.2d 564 (1971) ("a search or seizure carried out on a suspect's premises without a warrant is per se unreasonable, unless the police can show . . . the presence of 'exigent circumstances' "). The courts have held that because "the Fourth Amendment has drawn a firm line at the entrance to the house . . ., absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." Kirk v. Louisiana, 563 U.S. 635 (2002). Intrusion into the home without a warrant "by even a fraction of an inch," is too much. Kyllo v. United States, 150 L. Ed. 2d 94, 121 S. Ct. 2038, 2045 (2001).

Here, the Lanes' only sin was not opening the door for the defendants; which was within the Lanes' constitutional rights. Due to the Lanes exercising their right, the defendants invaded their privacy and their home without just cause. There was no immediate need to arrest Ernest Lane as evidenced by the fact the defendants didn't arrest him earlier; although they were informed of the threat. Officer Scott implied that the defendants needed a warrant right before the defendants kicked the door in. Officer Scott concluded that if a crime had been committed it was so trivial that Ernest Lane's signature alone would have alleviated the problem. The defendants have not presented objectively reasonable evidence to overcome the presumption that a warrantless entry is unreasonable. "Physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." United States v. United States District Court, 407 U.S. 297, 313, 32 L. Ed. 2d 752, 92 S. Ct. 2125 (1972).

**WHEREFORE**, Plaintiffs, Stephanie Lane and the above captioned minors, pray this Court enter judgment as a matter of law in their favor as against the defendants for their claim of unreasonable search and seizure, and only the question of damages should be submitted to the jury.

    Respectfully Submitted

    /s/ Scott T. Kamin
    Attorney for Plaintiff

Scott T. Kamin
Law Offices of Scott T. Kamin
53 W. Jackson Blvd
Suite 1028
Chicago, IL  60604
(312) 322-0077
Ill. Attorney No.: 6226855