**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE LANE, INDIVIDUALLY AND AS | ) | |
| NEXT FRIEND OF D.L., J.L., M.L., J.L. and T.L., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11 C 437 |
| | ) | |
| OFFICER KOZENCZAK, OFFICER HAMALA, | ) | |
| and the VILLAGE OF HANOVER PARK | ) | Judge Guzman |
| | ) | |
| Defendants. | ) | Magistrate Gilbert |
| | ) | |

## MOTION FOR ENTRY OF JUDGMENT OF LIABILITY AND DAMAGES ON THE PLAINTIFFS' *MONELL* CLAIM AGAINST HANOVER PARK

NOW COME the Plaintiffs STEPHANIE LANE and her six minor children, by and through their attorney, SCOTT T. KAMIN, with the LAW OFFICES OF SCOTT T. KAMIN, of counsel, and move this Honorable Court for entry of an order granting a judgment of liability against Defendant Hanover Park on Count IV of the Second Amended Complaint ("the *Monell* claim"), and in support thereof states as follows:

1. On August 18, 2011, Plaintiffs filed their Second Amended Complaint ("SAC"). (attached as Ex. 1).

2. On July 27, 2011, the Defendants filed a "*Monell* waiver": a motion to bar *Monell* discovery and trial in exchange for Defendant Hanover Park's admission of a *Monell* policy stating,

> **"Hanover Park specifically waives its right under *Monell* not to be held liable in**
>
> **damages under §1983 without proof that Hanover Park by its "policy, custom,**

**or practice" and with the requisite degree of culpability caused the alleged Constitutional violation"**

if an individual Defendant was found to have committed a Constitutional violation. (attached as Ex. 2).

3. On August 18, 2011 this Court granted the Defendant Hanover Park's *Monell* waiver.

4. On June 12, 2012, a jury found both individual defendants liable for Constitutional violations.

5. Thus, Defendant Hanover Park has admitted to the elements proving its liability as to "policy, custom, or practice" under count IV of Plaintiffs' SAC therein stating,

    a) **"allowing and encouraging its police personnel to conduct warrantless searches of homes and seizures within the home absent exigent circumstances to justify entry and possession, training its police personnel to conduct warrantless searches and seizures, whether or not exigent circumstances might be present, and/or failing to provide its police personnel adequate training to determine the presence or absence of exigent circumstances;**

    b) **allowing and encouraging the filing of false reports, and giving false statements and testimony about said searches of homes and seizures within the homes;**

    c) **failing to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control officers in their employ particularly when for years, the Village has known its officers engaged in misconduct during warrantless searches;**

d) **promoting, advocating and/or allowing the police code of silence, where officers refuse to report or otherwise cover-up instances of police misconduct despite their obligations under the law and police regulations. The code of silence also includes police officers remaining silent or giving false and misleading information to protect themselves or fellow officers from internal discipline, civil or criminal liability.**

e) **The interrelated policies, practices and/or customs as set forth above were maintained by the Village and its Police Department with deliberate indifference, proximately causing the injuries suffered by plaintiffs."**

6. By court order, in granting the *Monell Waiver*, the Plaintiffs were precluded from presenting their *Monell* issues to the jury at trial.

7. In their pleadings the Plaintiffs requested an award of compensatory damages in an amount not less than $2,200,000.00 The VILLAGE OF HANOVER PARK has agreed to pay compensatory damages if its employees were found to have violated the constitutional the Plaintiffs' constitutional rights.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court enter a judgment of liability and damages in the amount of $2,200,000.00 against defendant Hanover Park for its violation of *Monell*, as detailed in count IV of the Second Amended Complaint.

Respectfully Submitted

/s/ Scott T. Kamin
6226855
Attorney for Plaintiff